## CURTIS *v.* THE COUNTY OF SACRAMENTO.

PRIOR to the Consolidation Act, the Recorder of the City of Sacramento was entitled to collect the same fees as a Justice of the Peace for services in criminal cases ; but he was bound to pay them over to the City Treasurer.

Such Recorders are not within Art. 6, Sec. 2, of the Constitution inhibiting judicial officers, except Justices of the Peace, from taking fees.

The Constitution, when it exempted Justices from the operation of this restraint meant to exempt, also, those by whatever name called, who are intrusted with the duties assigned by the law to those officers.

Under the Consolidation Act of 1858—*query:* What becomes of the indebtedness of the County of Sacramento to the City of Sacramento for the services of the Recorder in criminal cases under the laws of the State?

APPEAL from the Sixth District.

From April, 1853, to April, 1856, the defendant acted as Recorder of the City of Sacramento, and during the interval there were had before him one thousand nine hundred and thirty-

Curtis *v.* County of Sacramento.

seven convictions for criminal offenses, prosecuted for and in the name of The People of the State of California. Upon the judgments, executions issued against the defendants for costs, and, upon such executions, there were returns of *nulla bona.* The defendant claimed three dollars fee on each of said convictions against the County of Sacramento, and presented his claim for allowance to the Board of Supervisors, and they rejected it.

Judgment for defendant—plaintiff appeals.

*P. L. Edwards,* for Appellant.

1. Appellant acted under express statutes, and was, *pro hac vice,* a Justice of the Peace. (Comp. Laws, 966, Sec. 35.) Recorders of cities are magistrates. (Id. 436, Sec. 103.) For definition of magistrate and peace officer, see p. 511, Secs. 685, 686. 2. As Justice of the Peace Appellant was entitled to the fees claimed. (Comp. Laws, 512, Sec. 692—694; 512, Sec. 688; 728, Sec. 33; Wood's Digest, 452, 453, Sec. 14.) 3. There is a broad distinction between acts done by a municipal officer in his municipal capacity, and those done by him *ex officio* as Justice of the Peace. All fees collected by him under an ordinance, are paid to the city. (Comp. Laws, 964, Sec. 29.) The city paid Appellant for services as Recorder, but not for his services to the State as Justice of the Peace. (*Bright* v. *Supervisors of Chenango,* 18 Johns. 243; *Mallory* v. *Supervisors, etc.* 2 Cow. 531; *Doubleday* v. *Supervisors, etc.* Id. 532; 4 Bac. Ab. 166; Bouvier Law Dic. Title, Fees and Costs.) As to the constitutional question, although the Appellant was Judge of a Municipal Court, he was more, for he was, *virtute officii,* also a Justice of the Peace as to criminal cases arising in the city.

*R. F. Morrison,* District Attorney, for the Respondent.

1. By the act of 1853, a Justice of the Peace, Mayor, or Recorder, can claim compensation in criminal cases, where they have power to render final judgment, only while acting as Examining or Committing Magistrates. (Comp. Laws, 511, Sec. 688.) The services for which compensation is claimed, are not provided for in this section. They were not cases wherein the Recorder was to examine and discharge, or hold the defendants to answer, but cases in which he had final jurisdiction,

with power to render judgment of fine and imprisonment. 2. The act of 1855, giving Justices of the Peace three dollars for trying as well as examining each criminal case, does not apply to Recorders. (Wood's Dig. 440, Sec. 17.) 3. The compensation of Recorders is to be fixed by the charter, or when not so fixed, by the government of their respective cities, to be paid by such cities. (Wood's Dig. 156, Sec. 76.) And all fees must be paid to the city. (Wood's Dig. 325, Sec. 695.) Again, the Court of which the Appellant was a Judge, was a Municipal Court, contemplated by the Constitution, and he, being a judicial officer, cannot claim any fees against the county. (Constitution, Art. 6, Secs. 1, 2.)

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

The Appellant was Recorder of Sacramento City, and as such, claims that the county is indebted to him for fees due him for convictions made by him of divers criminals, prosecuted under the laws of the State. The only question presented by the record is, whether he is to be considered as a Justice of the Peace in respect to this claim, and is entitled, as if he were, to the fees.

It seems that the charter of the city of Sacramento, (C. L. 966, Sec. 35,) provided that the Recorder "should exercise all the powers of a Justice of the Peace in regard to offenses committed within the city limits, subject to all the rules governing Justices of the Peace, and have power to administer all oaths known to the law."

The general Act, (C. L. 512, Sec. 693,) declares, "The fees allowed to Justices of the Peace, and other officers having the jurisdiction of Justices of the Peace, * * * shall, when the defendant is convicted, be considered and recovered against him as costs in the suit, and be collected in like manner as costs in civil cases." The next section seems to be equally indicative of the legislative construction, that Recorders were embraced within the purview of the statute allowing fees to Justices.

By the Act of the 10th April, 1855, a Justice is allowed a fee of three dollars, for services and proceedings before him in criminal action or proceeding, whether on examination or trial. (Wood's Dig. 452, Sec. 14.)

By another Act, (C. L. 728, Sec. 33,) it is provided that where a fee is allowed to one officer, the same fee shall be allowed to the other officers for the performance of the same services when such officers are allowed by law to perform such services, and the compensation is not specifically fixed.

The Act of 1853, (C. L. 511, Sec. 688,) provides "that the magistrate, if he be a Justice of the Peace, or a Mayor, or a City Recorder, may receive for all the proceedings before him to, and including his decision upon, the question of discharging the defendant, or holding him to answer, three dollars; for taking bail after a commitment by another magistrate, one dollar. By Section 693, of the Act of 1853, (C. L. 512,) "the fees allowed to Justices of the Peace, and other officers having the jurisdiction and authority of Justices of the Peace, Clerks, Peace Officers, and District Attorneys, shall, when the defendant is convicted, be considered and recovered against him as costs in the suit, and be collected in the same manner as costs in civil cases."

Section 694. "The fees allowed a Sheriff, * * Magistrate, etc. in cases where the defendant is acquitted, or where, being committed, he is unable to pay the costs, shall be county charges, and shall be audited and paid in like manner as other charges against the county."

By Section 695 it is said: "Whenever any officer, except District Attorneys, mentioned in this Act, receives a salary, he shall account for, and pay to the Treasurer of the city of which he is an officer, all fees collected by him under the provisions of this Act."

It is contended that under the 688th Section of this Act, the charge of three dollars could only be made when the defendant was discharged or held to bail, not when he was convicted. We do not so understand it. We can see no reason for such discrimination, which seems, moreover, to be denied by the 694th Section, and the whole Act must be taken together. Nor do the words require so unnatural a construction. The charge was designed to comprehend the fee for all proceedings on the trial, and to leave no room for doubt as to the services comprehended, the words were added, "including his decision upon the question," etc. But these words did not limit the fee to cases in which the decision on discharging or holding to bail was made. The trouble

was at least as great for convicting as discharging or bailing, and the charge was to be for the proceedings, however they resulted.

The point is made that the Recorder is a judicial officer, and the Constitution inhibits him from taking fees. But we think the Constitution did not contemplate this class of officers as subjects of this inhibition. As a mere subordinate officer of the corporation, to carry into effect its by-laws or ordinances, he is less in dignity than a Justice of the Peace, and cannot be comprehended by a provision which expressly excludes Justices; and we think that the mere addition of the duties of Justices in respect to criminal matters, has no effect in depriving the office of the same qualities in this respect as that of Justice. Besides, as to all this matter, he is really, and in fact, a Justice of the Peace; and the Constitution, when it exempted Justices from the operation of this restraint, meant to exempt all those, by whatever name called, who are intrusted with the duties assigned by the law to those officers.

It is difficult to see why officers of the peace, exercising all the civil and criminal jurisdiction of Justices, should be allowed to take fees, and subordinate officers to Justices should not, when they exercise a portion only of the powers of Justices. Indeed, under the old charter, the Recorder was no more than a Justice of the Peace, administering the local ordinances of a municipal body, except for this addition to the power and dignity of his office, given in the section quoted.

We have no doubt that this is the proper construction of the law. But we do not see that it can be of any substantial benefit to the Appellant. For by Section 695 of the Statute it is expressly provided that the officers mentioned in the Act, (which includes the Recorder,) except District Attorneys, when they receive salaries, shall account for, and pay to the Treasurer of the city, the fees received. The Recorder was a salaried officer of the city. If he received these fees, he held them only in trust for the city, to be paid by him into its treasury. Really, the money belongs to the city, and the officer was only its agent for collection and payment. An ingenious argument has been made by the counsel for Appellant to show that this section does not apply to the fees received by the Recorder as Justice,

but only to such fees as he received by virtue of his municipal office. But we see no reason for the distinction. These duties are imposed by the law creating the office; a salary is fixed for the whole services to be rendered; the law makes no qualification, but is general in its terms, those terms embracing in their natural meaning the entire subject. The section is found in the law providing fees for these very services. We see no provision for any fees to be paid to the Recorder except these, and Section 695, expressly exempting one officer, would seem to imply very strongly that none others were to be exempted.

The effect of the whole Act is to give this charge in favor of the city against the county, in consideration of the officer paid by the city doing this service for the county. A curious question now arises: What is to become of the indebtedness of the county on this score to the city? The Consolidation Act of 1858 destroys the old city corporation, and vests its rights of property in the consolidated government.

The beneficial right not being in the Appellant, we see no use in remanding the case, for, under the circumstances, it would seem, if he were entitled, at this late day, to receive the money as agent of the old city government or as Trustee for it, the city, through her present representatives, might insist on the right to retain the money, or secure the funds in their own hands. We, therefore, affirm the judgment, without costs to either party.